**FILED
United States Court of Appeals
Tenth Circuit**

**May 27, 2009**

**Elisabeth A. Shumaker
Clerk of Court**

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

In re:

PATRICK L. BRENNER,

    Movant.

No. 09-1183

**ORDER**

Before **LUCERO**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

    Movant Patrick L. Brenner, a Colorado state prisoner appearing pro se, has filed a motion for authorization to file a second or successive 28 U.S.C. § 2254 petition seeking to challenge his 1991 state convictions for sexual assault on a child by one in a position of trust. We deny authorization.

    In our last order denying Mr. Brenner's motion for authorization to file a second or successive § 2254, we recited his history of postconviction collateral challenges; thus, we do not repeat that history here. *See In re Brenner*, No. 07-1373, at 1-2 (10th Cir. Oct. 11, 2007) (unpublished order). Mr. Brenner now seeks to present three claims: (1) the district court did not have subject matter jurisdiction over him, creating an illegal sentence, because after his plea agreement was signed, the district attorney altered the agreement by writing class 4 felony over class 5 felony; (2) the district court failed to follow Supreme Court

rulings when subject matter jurisdiction was raised; and (3) the district court violated his Fourteenth Amendment rights by refusing to address his previously raised Fourteenth Amendment claims.

In order to obtain authorization to file a second or successive habeas corpus petition, the moving party must show that:

> (A) . . . the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A) and (B).

Mr. Brenner has not satisfied these standards. He asserts that each claim is based on new constitutional law. He states that his first claim is based on *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) (holding that employee-numerosity requirement for establishing "employer" status under employment discrimination law was an element of the claim, rather than a jurisdictional requirement); his second claim is based on *Pittsburg County Rural Water District No. 7 v. City of McAlester*, 358 F.3d 694, 706 (10th Cir. 2004) (holding, *inter alia*, that a federal court has an ongoing obligation to ensure that its jurisdiction is proper); and his

third claim is based on *Moore v. Michigan*, 355 U.S. 155 (1957) (holding that waiver of counsel must be knowing and intelligent). None of these cases qualifies as "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A).

He also asserts his first and second claims are based on new evidence because he did not obtain a copy of his plea agreement until 2008, and the *McAlester* decision was not published until 2007. Mr. Brenner's 1991 plea agreement, available since his conviction, does not constitute evidence that "could not have been discovered previously through the exercise of due diligence," *id*. § 2244(b)(2)(B)(i), and a court decision does not constitute evidence.

Because Mr. Brenner has not met the requisite conditions under § 2244, authorization to file a second or successive § 2254 petition is DENIED and the matter is DISMISSED. This denial of authorization is not appealable and "shall not be the subject of a petition for rehearing or for a writ of certiorari." *Id*. § 2244(b)(3)(E).

                                                  Entered for the Court

                                                  ELISABETH A. SHUMAKER, Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**
**OFFICE OF THE CLERK**
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

| | | |
|---|---|---|
| Elisabeth A. Shumaker<br>Clerk of Court | May 27, 2009 | Douglas E. Cressler<br>Chief Deputy Clerk |

Mr. Patrick L. Brenner
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573
#66893

**RE:**    09-1183, In re: Patrick Brenner
         Dist/Ag docket: 1:07-CV-01822-ZLW

Dear Mr. Brenner:

Enclosed please find an order issued today by the court.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court

cc:

EAS/jm